**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 01:52 PM May 27, 2015**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| VIOLET D. WISE, | ) | CASE NO. 15-60934 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Now before the court is Debtor's motion for an extension of the time to file a credit counseling certificate. No objections were filed.

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the order of reference, General Order 2012-7, dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor filed a chapter 13 case on April 28, 2015. Exhibit D of her petition indicates she

1

took the credit counseling course prior to filing. However, no certificate was filed and on April 29, 2015, she filed a motion requesting a temporary waiver of the requirement on the basis of exigent circumstances. She indicates that she is ninety-three (93) years old and required assistance to take the course but her son and daughter were not available to help her before she filed her case, which was necessitated because a foreclosure sale was scheduled on April 29, 2015. She completed the course on May 18, 2015 and filed the certificate of completion on the same day.

## DISCUSSION

On multiple occasions, this court examined the exigent circumstances exception to the prepetition credit counseling requirement, creating its own body of case law on 11 U.S.C. § 109(h)(3). *See* In re Swint, Case No. 06-62593 (Bankr. N.D. Ohio Dec. 27, 2006) (concluding an unverified motion does not meet the "certification" requirement of § 109(h)(3)); In re King, Case No. 07-60392 (Bankr. N.D. Ohio Feb. 27, 2007) (referencing the three requirement proofs for an exigent circumstance waiver); In re Reddish, Case No. 08-60859 (Bankr. N.D. Ohio March 26, 2008) (determining that financial hardship is not an exigent circumstance); In re Mitchell, Case No. 09-63500 (Bankr. N.D. Ohio Sept. 2, 2009) (stating that the debtor bears the burden of proving entitlement based on exigent circumstances); In re Black, Case No. 13-62829 (Bankr. N.D. Ohio Nov. 27, 2013) (expressing a willingness to consider a foreclosure sale as an exigent circumstance but noting a hurdle in doing so based on the length of time a foreclosure case is pending); In re Carter, Case No. 15-60719 (Bankr. N.D. Ohio April 10, 2015) (noting split of authority whether a foreclosure sale is an exigent circumstance but denying waiver on other grounds). Throughout these cases, and many more not cited, the court has maintained steadfast adherence to the procedural requirements that a debtor describe the exigent circumstances, per § 109(h)(3)(A)(i), and set forth the attempts made to obtain the counseling in conformity with § 109(h)(3)(A)(ii).

Like numerous cases before it, this case completely fails to demonstrate compliance with § 109(h)(3)(A)(ii). The Bankruptcy Code requires a debtor to make an attempt to obtain the counseling and Debtor references no such attempt. On that ground alone, the court will deny the motion for a temporary waiver of the credit counseling requirement.

Additionally, the court is not convinced that the facts of this case demonstrate exigency. Before being added to the Bankruptcy Code in 2005, the term "exigent circumstances" was most often connected to Fourth Amendment jurisprudence. Generally, warrantless searches and arrests are "presumptively unreasonable." Goodwin v. City of Painesville, 781 F.3d 314, 329 (6th Cir. 2015) (citing Payton v. New York, 445 U.S. 573, 586 (1980)). However, "exigent circumstances" provide limited exceptions to the warrant requirement. Goodwin at 329 (citing United States v. Williams, 354 F.3d 497, 503 (6th Cir. 2003)). Primarily based on an "urgent need," Welsh v. Wisconsin, 466 U.S. 740 (1984), "exigent circumstances exist when 'real immediate and serious consequences' would certain occur if a police officer were to 'postpone[] action to get a warrant.'" United States v. McClain, 444 F.3d 556 (6th Cir. 2005) (citing Coolidge v. New Hampshire, 403 U.S. 443, 474-75 (1971)). Excepted situations include "(1)

2

hot pursuit of a felon, (2) imminent destruction of evidence, (3) the need to prevent a suspect's escape, or (4) a risk of danger to the police or others." Goodman, 781 F.3d at 329 (citing Welsh v. Wisconsin, 466 U.S. 740, 749-750 (1984) (citing United States v. Johnson, 22 F.3d 674, 680 (6th Cir. 1994)).

Against this backdrop, the court cannot find that the facts give rise to an exigency. Much like the police cannot create the exigency for a warrantless search and seizure, neither can a debtor create, and then benefit from, an urgent situation necessitating filing without the prepetition credit counseling course. Allowing a debtor to rely on an imminent foreclosure sale ignores the months prior to the sale when the foreclosure case was pending and the debtor took no action. The debtor's degree of control is the antithesis of "urgent need."

This understanding of exigency is supported by the Bankruptcy Code, which requires a debtor to make attempts to obtain the prepetition course. Part of the exigency must exist because the debtor attempted, but could not obtain, the counseling. 11 U.S.C. § 109(h)(3)(A)(ii). This requirement prevents a debtor from creating the exigent circumstances supporting a waiver.

Further, the court finds that Debtor fails to provide a satisfactory explanation to the court to satisfy § 109(h)(3)(A)(iii). First, Debtor offered no explanation concerning her attempts seeking assistance from her children to obtain counseling or an explanation for their unavailability. Second, the dearth of information from the Statement of Financial Affairs leaves the court with more questions than answers. For example, on question four of the Statement of Financial Affairs, Debtor indicates there are no "suits and administrative proceedings" pending but her motion references a pending foreclosure. When answered fully, this question provides the case number of the pending lawsuit, providing this court with some notion of its filing date and the length the case has been pending. Similarly, in response to question nine, which asks about payments related to debt counseling or bankruptcy, Debtor marked "none." The Disclosure of Compensation of Attorney for Debtor(s) contradicts, stating that counsel received $500.00 before the case was filed. When question nine is answered, it may provide an indication of the length of time counsel has been involved in the case. Indeed, the missing information may not favor a debtor but its absence is even more problematic.

For these reasons, the court finds that Debtor has not demonstrated entitlement to an exigent circumstances waiver of the prepetition credit counseling requirement under 11 U.S.C. § 109(h)(3). Since she did not obtain the credit counseling before she filed this case, as required by § 109(h), she is ineligible to be a debtor. The court will dismiss the case by separate order to be entered immediately.

#     #     #

**Service List:**

Vance P. Truman
689 Lafayette Road
Medina, OH 44256

Violet D Wise
213 Pontius Road
Lower Salem, OH 45745

Toby L Rosen
400 W Tuscarawas Street
Charter One Bank Bldg, 4th Floor
Canton, OH 44702